UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS LEE WATSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, *et al.*, )<br>)<br>Respondents. )<br>) | Case: 1:15-cv-00867   (G Deck)<br>Assigned To : Unassigned<br>Assign. Date : 6/9/2015<br>Description: Habeas Corpus/2241 |

### **MEMORANDUM OPINION**

This matter is before the Court on petitioner's application to proceed *in forma pauperis* and his *pro se* complaint. According to petitioner, he should not have been charged with a felony because the indictment on which the criminal prosecution in the Superior Court of the District of Columbia was based did not exist.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998

4

(D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a).").

Petitioner does not demonstrate that the remedy available to him under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his conviction and subsequent incarceration. His apparent lack of success on a prior collateral attack on his conviction, *see* Pet., Ex. (Judgment, *Watson v. United States*, No. 14-CO-672 (D.C. Ct. of App. Mar. 30, 2015) (affirming Superior Court's denial of § 23-110 motion as procedurally barred as successive and for abuse of the writ)), does not render his local remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). Petitioner has no recourse in this federal district court, and, therefore, the Court will deny the petition and dismiss this action. *See Watson v. Middlebrooks*, No. 09–1682, 2009 WL 3163067, at *2 (D.D.C. Sept. 28, 2009).

An Order accompanies this Memorandum Opinion.

DATE: 5/29/15

United States District Judge